IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 05-45332-JW |
|---|---|
| Joseph Scott, Jr. and Julia Williams Scott, | Chapter 13 |
| Debtors. | ORDER |

FILED

MAY 23 2006

United States Bankruptcy Court
Columbia, South Carolina (7)

ENTERED

MAY 23 2006

S.A.A.

This matter comes before the Court upon Bank of America, N.A.'s ("Bank of America") Motion to Vacate ("Motion") the Order confirming the Chapter 13 bankruptcy plan of Joseph Scott, Jr. and Julia Williams Scott ("Debtors") as to Bank of America only. The Motion is made pursuant to Federal Rule of Civil Procedure 60(b) and Federal Bankruptcy Rules of Procedure 2002(g), 7004(h), 9014, 9024. Bank of America contends service of the plan was improper under Rule 7004(h) and confirmation should be set aside as to it because the service defects failed to comply with the procedural rules and denied it due process. Debtors deny Bank of America was denied due process, allege Bank of America waived its right to contest confirmation defects by filing a proof of claim, and delayed too long in filing the Motion.

In light of the evidence and argument presented by the parties, the following constitutes the Court's Finding of Fact and Conclusion of Law. To the extent one is deemed to be another, they are incorporated into each other.

### FINDINGS OF FACT

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), (L), and (O).

2.    Bank of America is an "insured depository institution," as defined by Section 3 of the Federal Deposit Insurance Act.

3.    Debtors filed a petition under Chapter 13 of Title 11 on December 14, 2005.

1

4. Bank of America is the holder of a claim against Debtors in the amount of $19,176.55 as of December 14, 2005 for Debtors' account number ending in 6701 ("Claim"). The Claim is secured by a 2003 Ford Escape motor vehicle, Serial No. 1FMYU93173KC87227 ("Collateral").

5. The Claim is based on a purchase money loan incurred by Debtors on November 1, 2004, which is less than 910 days before the petition date.

6. Debtors filed a chapter 13 plan on December 14, 2005. The plan includes various related motions, including a motion proposing to value Bank of America's Claim at $12,000.00 (the plan and the related motions in the plan are hereafter referred to as the "Plan").

7. As required by SC LBR 3015-1, the Plan provided that Debtors would serve related motions in the Plan pursuant to Fed. R. Bankr. P. 7004.

8. Debtors' Certificate of Service for the Plan indicates that it was served upon:

Bank of America
57 E. Commerce Street
Bridgeton, NJ 08302

9. The Bridgeton, New Jersey address is a payment lockbox.

10. Debtors did not serve Bank of America with the Plan by certified mail and the Plan was also not served addressed to the attention of an officer of Bank of America and service therefore violated Fed. R. Bankr. P. 7004(h).

11. Bank of America did not timely object to the Plan and the Court entered an Order on January 23, 2006 confirming Debtors' Plan.[1]

---

[1] Bank of American also asserted that the requirements for confirmation were not met given that this case is a Reform Act case and Bank of America's Claim, which is based on a purchase money debt incurred within 910 days of the petition date, was not subject to valuation pursuant to 11 U.S.C. § 1325(a)(9). The Court need not reach a conclusion at this time as to whether the provisions of a confirmed plan are binding if the provisions are contrary to provisions of 11 U.S.C. §§ 1322 or 1325.

12. Bank of America filed a Proof of Claim on February 23, 2006 listing its address for notices as: Bank of America, N.A., Post Office Box 26012, NC4-105-03-14, Greensboro, NC 27420.

13. Prior to Bank of America filing a Proof of Claim, the Bankruptcy Court addressed all notices in the case, including the Order Confirming Plan, to the Bridgeton, New Jersey address provided by Debtors.

14. Bank of America filed this Motion on March 30, 2006.

## CONCLUSIONS OF LAW

An order confirming a plan may be set aside when a creditor does not receive proper notice. In re Hamlett, 322 F.3d 342 (4th Cir. 2003); In re Linkous, 990 F.2d 160 (4th Cir. 1993), In re Durham, 260 B.R. 383 (Bankr. D.S.C. 2001); In re Johnson, 274 B.R. 445 (Bankr. D.S.C. 2001). A debtor's failure to comply with a rule of service in the Federal Bankruptcy Rules of Procedure is sufficient grounds to set aside an order confirming a plan. Hamlett, 322 F.3d at 350 (affirming the bankruptcy court's decision to relieve a bank of a default judgment where service was not proper under Rule 7004(h)).

Bank of America is an "insured depository institution" as defined by Rule 7004(h). Rule 7004(h), made applicable by the Plan, requires Debtors to serve Bank of America with its proposed motion to value, contained in the Plan, via certified mail and addressed to the attention of an officer. As evidenced by Debtors' Certificate of Service, Debtors did not serve the Plan, including the related motions, by certified mail nor did Debtors direct its service to an officer of Bank of America.

Debtors argue that Bank of America waived its right to contest service of the Plan by thereafter filing a Proof of Claim in this matter on February 27, 2006, which Debtors allege constitutes a general appearance by Bank of America and cures prior service defects. Debtors also

assert Bank of America delayed too long in filing the Motion and it should be denied relief on the grounds of laches. Bank of America filed a Proof of Claim on February 27, 2006, which is over 30 days after the Order Confirming Plan was served on January 23, 2006. Bank of America's Motion was filed March 30, 2006.

Having fully considered the facts before the Court on this matter, the Court does not believe that Bank of America's filing of a Proof of Claim, subsequent to service of the Plan and the Order Confirming Plan, caused Bank of America to waive any issues relating to confirmation. Further, Debtors' argument confuses the requirements for service of the Plan under Rule 7004(h) with the Court's general jurisdiction over Bank of America as a creditor in the case. A creditor such as Bank of America can submit itself to the jurisdiction of the Court in a case by filing a Proof of Claim and still have the ability to raise objections to the service of motions, pleadings or papers if they are not served upon them in accordance with the applicable procedural rules. Further, the Court finds that Bank of America did not delay in bringing this Motion as it was filed only a little over 60 days after the Plan was confirmed and just over 30 days after it filed a Proof of Claim. Debtors also have not presented any evidence they will suffer any prejudice as a result of the timing of the Motion. Accordingly, the Court finds that Bank of America did not waive prior service defects by filing a Proof of Claim and the Motion was filed sufficiently early in the distribution process of Debtors' case. See Hamlett, 322 F.3d at 346 (holding that a bank did not waive its right to service under Rule 7004(h) by appointing a registered agent to receive service).

Rule 7004(h)'s requirement that service be made on an officer would be a nullity if a debtor can satisfy that requirement by merely addressing service to a corporation at-large, as the Debtors did in this matter. See Larsen v. Mayo Medical Center, 218 F.3d 863 (8th Cir. 2000) (holding service by mail addressed to the "medical/legal department" of a corporation is ineffective because service was not mailed to an officer, manager or authorized agent of the corporation); Smith v.

4

Rossette, 250 F.Supp.2d 1266 (D.Or. 2003) (holding service directed merely to a corporation generally is ineffective service); In re Laskin, 222 B.R. 872 (9th Cir. BAP 1998) (stating that service on party under Rule 7004(h) is improper if sent merely to the party and not to the attention of an officer); In re Faulknow, 2005 WL 102970 (Bankr. N.D.Ga. 2005); In re Drake, 2004 WL 1368870 (Bankr. D.Vt. 2004).

The Fourth Circuit requires strict compliance with Rule 7004(h) in order for service to be valid. See Hamlett, 322 F.3d at 346 (holding that service under Rule 7004(h) requires that service be made by certified mail and on an officer). In Hamlett, a bank's registered agent was served with process; however, the Fourth Circuit nevertheless found that service was defective and that the bank should be relieved of its default because service was not proper pursuant to Rule 7004(h). See id. at 350. The Fourth Circuit noted that 7004(h) was enacted in response to a perceived need to provide additional safeguards for insured depository institutions. See id at 346. These safeguards were not observed in this case and therefore the Plan should be set aside as to Bank of America.

The Order confirming the Debtors' Plan is set aside as to Bank of America pursuant to Federal Rule of Civil Procedure 60(b)(4) and Federal Bankruptcy Rules of Procedure 7004(h), made applicable to this case by Debtors' Plan because the service defects denied Bank of America due process.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
May 23, 2006